## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY<br>378 North Main Avenue<br>Tucson, AZ 85701,<br><br>    Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF THE INTERIOR<br>1849 C Street. NW<br>Washington, D.C. 20240;<br><br>U.S. ENVIRONMENTAL PROTECTION<br>AGENCY<br>1200 Pennsylvania Avenue, NW<br>Washington, D.C. 20460;<br><br>U.S. DEPARTMENT OF ENERGY<br>1000 Independence Avenue, SW<br>Washington, D.C. 20585;<br><br>  and<br><br>U.S. DEPARTMENT OF STATE<br>2201 C. Street, NW<br>Washington, D.C. 20037,<br><br>    Defendants. | **COMPLAINT FOR DECLARATORY**<br>**AND INJUNCTIVE RELIEF**<br><br><br>Case No.:  1:17-cv-0974 |

## INTRODUCTION

1.     The Center for Biological Diversity ("Center")—an environmental conservation

organization that works to protect native wildlife species and their habitats—challenges the

failure of the U.S. Department of Interior, U.S. Environmental Protection Agency, U.S.

Department of Energy, and U.S. Department of State to provide records concerning the Trump

administration's censorship of these federal departments' and their component agencies' discussion or dissemination about climate change, in violation of the Freedom of Information Act, 5 U.S.C. § 552, *as amended* ("FOIA" or "Act"), or alternatively, the Administrative Procedure Act, 5 U.S.C. §§ 701-06 ("APA").

2.      From January through March 2017, news outlets reported that the Trump administration directed numerous federal departments and agencies to remove information from their websites about climate change and/or to cease use of phrases such as "climate change," "emissions reduction," or "Paris agreement" in agency documents.  These departments and agencies include the four named defendants in this action.

3.      To understand these actions, the Center filed FOIA requests with each of the defendants, seeking directives or communications barring or removing climate change-related words or phrases from formal communications as well as the information, such as webpages about climate change, that has been removed from public view.

4.      However, although each defendant acknowledged the Center's request, none have provided any responsive records or stated when they might do so.

5.      Defendants are unlawfully withholding the records by failing to search for and provide all responsive records to the Center.  The defendants' failure to comply with FOIA by releasing all records related to the censorship of climate change-related words and phrases is contrary to FOIA and undermines FOIA's policy of government transparency.

6.      Because prompt access to these records is necessary to effectuate FOIA's purpose, the Center seeks declaratory relief establishing that defendants are in violation of FOIA, or alternatively, the APA.  The Center also seeks injunctive relief directing defendants to provide responsive records without any further delay.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA, the APA, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

8.      Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district, because a portion of the responsive records may be found in this district.

9.      Declaratory relief is appropriate under 28 U.S.C. § 2201.

10.     Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

11.     Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization with offices throughout the United States.  The Center has more than 58,000 members.  The Center and its members are harmed by EPA's violations of FOIA, or alternatively the APA, as such violations preclude the Center from gaining a full understanding of the circumstances, rationales, and individuals involved in the Trump administration's censorship of climate change-related information.

12.     Defendant U.S DEPARTMENT OF THE INTERIOR ("Interior Department") is an independent agency of the executive branch of the U.S. government.  The Interior Department is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f).

13.     Defendant U.S. ENVIRONMENTAL PROTECTION AGENCY ("EPA") is an independent agency of the executive branch of the U.S. government.  EPA is in possession and

control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f).

14.     Defendant U.S. DEPARTMENT OF ENERGY ("Energy Department") is an independent agency of the executive branch of the U.S. government.  The Energy Department is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f).

15.     Defendant U.S. DEPARTMENT OF STATE ("State Department") is an independent agency of the executive branch of the U.S. government.  The State Department is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f).

## STATUTORY BACKGROUND

16.     FOIA's basic purpose is government transparency.  It establishes the public's right to access all federal agency records unless such records may be withheld pursuant to one of nine, narrowly construed FOIA exemptions.  5 U.S.C. § 552(b)(1)-(9).

17.     FOIA imposes strict and rigorous deadlines on federal agencies when they receive a request for records pursuant to FOIA.  Specifically, an agency must determine whether to disclose responsive records and notify the requester of its determination within 20 working days of receiving a FOIA request, and it must make records "promptly" available unless it can establish that certain unusual circumstances are present and/or that it may lawfully withhold records, or portions thereof, from disclosure.  *Id.* § 552(a)(3)(A), (a)(6).  Also within 20 working days, the agency must inform the requester that it has a right to appeal the agency's determination.  *Id.* § 552(a)(6)(A)(i).

18.     FOIA places the burden on the agency to prove that it may withhold responsive records from a requester.  *Id.* § 552(a)(4)(B).

19.     Congress has specified limited circumstances in which federal agencies may obtain more time to make the determination that is required by 5 U.S.C. § 552(a)(6)(A)(i).

20.     First, an agency may toll the 20-working-day deadline to seek additional information or clarification from a requester, but that tolling period ends when the agency receives such information or clarification.  *Id.* § 552(a)(6)(A)(ii).

21.     Second, an agency may extend the 20-working-day deadline for an additional 10 working days by giving a written notice to the requester that sets forth "unusual circumstances" to justify a deadline extension which also requires that it provide the date by which the agency expects to make the determination.  *Id.* § 552(a)(6)(B)(i).  However, to invoke such "unusual circumstances," the agency must provide the requester with "an opportunity to limit the scope of the request so that it may be processed within [20 working days] or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request."  *Id.* § 552(a)(6)(B)(ii).  In addition, when asserting unusual circumstances, the agency "shall make available its FOIA Public Liaison" to "assist in the resolution of any disputes between the requester and the agency."  *Id.*

22.     FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate all records that are responsive to the FOIA request.  *Id.* § 552(a)(3)(C)-(D).

23.     FOIA requires federal agencies to expeditiously disclose requested records, *see id.* § 552, and mandates a policy of broad disclosure of government records.  Any inquiry under FOIA brings with it a strong presumption in favor of disclosure.

24.     Congress recognized that in certain, limited instances, records may be withheld as exempt from FOIA's broad disclosure mandate, and thus created nine categories of exemptions. *Id.* § 552(b).  These exemptions, however, are narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

25.     The U.S. district courts have jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  *Id.* § 552(a)(4)(B).

26.     Alternatively, an agency's response to a FOIA request and/or a FOIA appeal is subject to judicial review under the APA, which confers a right of judicial review on any person who is adversely affected by agency action, 5 U.S.C. § 702, and authorizes district courts to compel agency action that is unlawfully withheld or unreasonably delayed.  *Id.* § 706(1).  District courts must set aside any agency action that is found to be "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law."  *Id.* § 706(2)(A).

## FACTUAL BACKGROUND

### Interior Department FOIA Request (OS-2017-00384)

27.     On March 30, 2017, the Center submitted a FOIA request to the Interior Department, requesting "all agency directives, instructions, and/or other communications, including communications with the Trump administration transition team, instructing agency and/or department staff to not use, or to remove from formal agency communications, any climate change-related or energy-related words or phrases, including but not limited to 'climate change,' 'global warming,' 'climate disruption,' 'greenhouse gas emissions,' 'emissions reductions,' and/or 'Paris agreement,' and any related words or phrases."

28. The same day, the Interior Department acknowledged the Center's request and assigned it tracking number OS-2017-00384 ("Interior Department FOIA Request").

29. A determination on the Center's FOIA request to the Interior Department was due by April 27, 2017, which is 20 working days after the date of the Interior Department's acknowledgement of the request.

30. As of the date of the filing of this complaint, which is 18 days past the 20-working-day deadline, the Interior Department has not requested additional time to respond, provided any responsive records, or provided a determination in response to the Center's FOIA request.

### EPA FOIA Request (EPA-HQ-2017-005517)

31. On March 30, 2017, the Center submitted a FOIA request to the EPA, requesting "all agency directives, instructions, and/or other communications, including communications with the Trump administration transition team, instructing agency and/or department staff to not use, or to remove from formal agency communications, any climate change-related or energy-related words or phrases, including but not limited to 'climate change,' 'global warming,' 'climate disruption,' 'greenhouse gas emissions,' 'emissions reductions,' and/or 'Paris agreement,' and any related words or phrases."

32. The same day, the EPA acknowledged the Center's request and assigned it tracking number EPA-HQ-2017-005517 ("EPA FOIA Request").  On March 12, 2017, EPA granted a waiver of fees in connection with the request.

33. A determination on the Center's FOIA request to the EPA was due by April 27, 2017, which is 20 working days after the date of the EPA's acknowledgement of the request.

34.     After receiving no further communications from EPA regarding this request, by letter dated May 8, 2017, the Center informed EPA that its determination was overdue and offered to assist EPA in making a determination on the Center's EPA FOIA Request.  The Center also requested an estimate for when EPA would make a determination on the Center's FOIA request.

35.     As of the date of the filing of this complaint, which is 18 days past the 20-working-day deadline, EPA has not responded to the Center's May 8, 2017 letter, requested additional time to respond to the Center's FOIA request, provided any responsive records, made a determination, or provided an estimated date of completion of the Center's FOIA request.

**Energy Department FOIA Request (HQ-2017-00806)**

36.     On March 30, 2017, the Center submitted a FOIA request to the Energy Department, requesting "all agency directives, instructions, and/or other communications, including communications with the Trump administration transition team, instructing agency and/or department staff to not use, or to remove from formal agency communications, any climate change-related or energy-related words or phrases, including but not limited to 'climate change,' 'global warming,' 'climate disruption,' 'greenhouse gas emissions,' 'emissions reductions,' and/or 'Paris agreement,' and any related words or phrases."

37.     The next day, on March 31, 2017, the Energy Department acknowledged the Center's request and assigned it tracking number HQ-2017-00806 ("Energy Department FOIA Request").

38.     On April 11, 2017, a representative of the Energy Department, Ms. Natalie Anderson, contacted Ms. Margaret E. Townsend of the Center for Biological Diversity by phone and email.  Ms. Anderson stated that she wanted to clarify the timeframe for records that are

responsive to the Center's Energy Department FOIA Request.  In response, Ms. Townsend

informed Ms. Anderson that the Energy Department could search for and provide all responsive

records that were generated on or after November 9, 2016.

39.     Ms. Anderson also stated that the Energy Department had received many FOIA

requests that are similar to the Center's Energy Department FOIA Request, and in an email dated

April 11, 2017, suggested that if the Center would agree to limit the department's search to two

of its program offices—specifically, the Office of International Affairs ("OIA") and the Office of

Energy Policy and Systems Analysis ("EPSA")—this "should allow [the Energy Department] to

provide a response more quickly."  Accordingly, the Center agreed to limit the department's

search to the OIA and EPSA.

40.     Also in her April 11, 2017 email, Ms. Anderson asked if the Center would agree

to eliminate the phrases "including but not limited to" and "any related words or phrases" from

its request, and if the Center would like to include any search terms in addition to "climate

change," "global warming," "climate disruption," "greenhouse gas emissions," "emissions

reductions," and/or "Paris agreement."  In response, Ms. Townsend added the terms "climate"

and "fossil fuels" to the search terms to be used by the Energy Department during its search for

responsive records from the OIA and EPSA.

41.     By email dated April 13, 2017, Ms. Anderson confirmed the scope of the

department's search for responsive records, stating that the department would "move forward

with processing."

42.     By letter dated April 26, 2017, Energy Department FOIA Officer Alexander C.

Morris confirmed the agreement of Ms. Anderson and Ms. Townsend regarding the scope of the

department's search, informed the Center that the request was assigned to OIA and EPSA, and granting the Center's request for a waiver of fees.

43.     A determination on the Center's Energy Department FOIA Request was due on May 11, 2017, which is 20 working days after the date of Ms. Anderson's email stating that the department was prepared to "move forward with processing."

44.     As of the date of the filing of this complaint, which is eight days past the 20-working-day deadline, the Energy Department has not requested additional time to respond, provided any responsive records, or provided a determination in response to the Center's FOIA request.

**State Department FOIA Request**

45.     On April 3, 2017, the Center submitted a FOIA request to the State Department, requesting "all agency directives, instructions, and/or other communications, including communications with the Trump administration transition team, instructing agency and/or department staff to not use, or to remove from formal agency communications, any climate change-related or energy-related words or phrases, including but not limited to 'climate change,' 'global warming,' 'climate disruption,' 'greenhouse gas emissions,' 'emissions reductions,' and/or 'Paris agreement,' and any related words or phrases."

46.     The next day, on April 4, 2017, the State Department acknowledged the Center's request and assigned it tracking number F-2017-08517 ("State Department FOIA Request").

47.     By form letter dated April 10, 2017, the Requester Communications Branch of the State Department's Office of Information Programs & Services re-acknowledged receipt of the Center's FOIA request, and it also granted a public interest waiver of fees that are incurred in processing the request.

48.     A determination on the Center's FOIA request to the State Department was due by May 2, 2017, which is 20 working days after the date of the State Department's acknowledgement of the request.

49.     As of the date of the filing of this complaint, which is 15 days past the 20-working-day deadline, the State Department has not requested additional time to respond, provided any responsive records, or provided a determination in response to the Center's FOIA request.

### All Requests

50.     None of FOIA's nine exemptions to the statute's disclosure mandate apply to the records that are responsive to any of the Center's FOIA requests. *Id.* § 552(b).

51.     The Center has been required to expend resources to prosecute this action.

### CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### VIOLATION OF THE FREEDOM OF INFORMATION ACT
### Failure to Comply with FOIA's Mandatory Determination Deadline

### COUNT ONE:  The Interior Department Missed FOIA's Mandatory Determination Deadline for the Center's Interior Department FOIA Request Number OS-2017-00384

52.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

53.     The Interior Department has violated FOIA by refusing to disclose records that are responsive to the Center's Interior Department FOIA Request Number OS-2017-00384.

54.     The Center has a statutory right to a final determination from the Interior Department on FOIA Request Number OS-2017-00384 in a manner that complies with FOIA.

The Interior Department has violated the Center's rights in this regard by unlawfully delaying its response beyond the deadline that FOIA mandates.  5 U.S.C. § 552(a)(6)(A)(i).

55.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Interior Department in the foreseeable future.

56.     The Center's organizational activities will be adversely affected if the Interior Department continues to violate FOIA's disclosure provisions as it has in this case.

57.     Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, the Interior Department will continue to violate Plaintiff's rights to receive public records under FOIA.

## COUNT TWO:  EPA Missed FOIA's Mandatory Determination Deadline for the Center's EPA FOIA Request Number EPA-HQ-2017-005517

58.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

59.     EPA has violated FOIA by refusing to disclose records that are responsive to the Center's EPA FOIA Request Number EPA-HQ-2017-005517.

60.     The Center has a statutory right to a final determination from EPA on its EPA FOIA Request Number EPA-HQ-2017-005517 in a manner that complies with FOIA.  EPA has violated the Center's rights in this regard by unlawfully delaying its response beyond the deadline that FOIA mandates.  5 U.S.C. § 552(a)(6)(A)(i).

61.     The Center's organizational activities will be adversely affected if EPA is allowed to continue violating FOIA's decision deadlines as it has in this case.

62.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

**COUNT THREE:  The Energy Department Missed FOIA's Mandatory Determination Deadline for the Center's Energy Department FOIA Request Number EPA-HQ-2017-005517**

63.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

64.     The Energy Department has violated FOIA by refusing to disclose records that are responsive to the Center's Energy Department FOIA Request Number HQ-2017-00806.

65.     The Center has a statutory right to a final determination from the Energy Department on its Energy Department FOIA Request Number HQ-2017-00806 in a manner that complies with FOIA.  The Energy Department has violated the Center's rights in this regard by unlawfully delaying its response beyond the deadline that FOIA mandates.  5 U.S.C. § 552(a)(6)(A)(i).

66.     The Center's organizational activities will be adversely affected if the Energy Department is allowed to continue violating FOIA's decision deadlines as it has in this case.

67.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Energy Department will continue to violate the Center's rights to receive public records under FOIA.

**COUNT FOUR:  The State Department Missed FOIA's Mandatory Determination Deadline for the Center's State Department FOIA Request Number F-2017-08517**

68.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

69.     The State Department has violated FOIA by refusing to disclose records that are responsive to the Center's State Department FOIA Request Number F-2017-08517.

70.     The Center has a statutory right to a final determination from the State Department on its State Department FOIA Request Number F-2017-08517 in a manner that

complies with FOIA. The State Department has violated the Center's rights in this regard by unlawfully delaying its response beyond the deadline that FOIA mandates. 5 U.S.C. § 552(a)(6)(A)(i).

71. The Center's organizational activities will be adversely affected if the State Department is allowed to continue violating FOIA's decision deadlines as it has in this case.

72. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the State Department will continue to violate the Center's rights to receive public records under FOIA.

### SECOND CLAIM FOR RELIEF
### VIOLATION OF THE FREEDOM OF INFORMATION ACT
### Failure to Disclose All Responsive Records to the Center

### COUNT ONE: The Interior Department Has Unlawfully Withheld Records Responsive to Interior Department FOIA Request Number OS-2017-00384

73. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

74. The Center has a statutory right to the records it seeks, and there is no legal basis for the Interior Department to assert that any of FOIA's nine exemptions to mandatory disclosure apply to withhold these records from the Center. *See* 5 U.S.C. § 552(b)(1)-(9).

75. The Interior Department has violated the Center's rights in this regard by withholding records that are responsive to the Center's Interior Department FOIA Request Number OS-2017-00384.

76. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in FOIA requests to the Interior Department in the foreseeable future.

77.     The Center's organizational activities will be adversely affected if the Interior Department continues to violate FOIA's disclosure provisions as it has in this case.

78.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Interior Department will continue to violate the Center's rights to receive public records under FOIA.

**COUNT TWO:  EPA Has Unlawfully Withheld Records Responsive to EPA FOIA Request Number EPA-HQ-2017-005517**

79.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

80.     The Center has a statutory right to the records it seeks, and there is no legal basis for EPA to assert that any of FOIA's nine exemptions to mandatory disclosure apply to withhold these records from the Center.  *See* 5 U.S.C. § 552(b)(1)-(9).

81.     EPA has violated the Center's rights in this regard by withholding records that are responsive to the Center's EPA FOIA Request Number EPA-HQ-2017-005517.

82.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in FOIA requests to EPA in the foreseeable future.

83.     The Center's organizational activities will be adversely affected if EPA continues to violate FOIA's disclosure provisions as it has in this case.

84.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

**COUNT THREE:  The Energy Department Has Unlawfully Withheld Records Responsive to Energy Department FOIA Request Number HQ-2017-00806**

85.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

86.     The Center has a statutory right to the records it seeks, and there is no legal basis for the Energy Department to assert that any of FOIA's nine exemptions to mandatory disclosure apply to withhold these records from the Center.  *See* 5 U.S.C. § 552(b)(1)-(9).

87.     The Energy Department has violated the Center's rights in this regard by withholding records that are responsive to the Center's Energy Department FOIA Request Number HQ-2017-00806.

88.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in FOIA requests to the Energy Department in the foreseeable future.

89.     The Center's organizational activities will be adversely affected if the Energy Department continues to violate FOIA's disclosure provisions as it has in this case.

90.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Energy Department will continue to violate the Center's rights to receive public records under FOIA.

**COUNT FOUR:  The State Department Has Unlawfully Withheld Records Responsive to The State Department FOIA Request Number F-2017-08517**

91.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

92.     The Center has a statutory right to the records it seeks, and there is no legal basis for the State Department to assert that any of FOIA's nine exemptions to mandatory disclosure apply to withhold these records from the Center.  *See* 5 U.S.C. § 552(b)(1)-(9).

93.     The State Department has violated the Center's rights in this regard by withholding records that are responsive to the Center's State Department FOIA Request Number F-2017-08517.

94.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in FOIA requests to the State Department in the foreseeable future.

95.     The Center's organizational activities will be adversely affected if the State Department continues to violate FOIA's disclosure provisions as it has in this case.

96.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the State Department will continue to violate the Center's rights to receive public records under FOIA.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT
### Failure to Conduct an Adequate Search for Responsive Records

**COUNT ONE:  The Interior Department Has Failed to Conduct an Adequate Search for All Records Responsive to Interior Department FOIA Request Number OS-2017-00384**

97.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

98.     The Center has a statutory right to have the Interior Department process its FOIA requests in a manner that complies with FOIA.  5 U.S.C. § 552(a)(3).  The Interior Department violated the Center's rights in this regard when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to Interior Department FOIA Request Number OS-2017-00384.

99.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Interior Department in the foreseeable future.

100.     The Center's organizational activities will be adversely affected if the Interior Department continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA requests.

101.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Interior Department will continue to violate the Center's rights to receive public records under FOIA.

## COUNT TWO:  EPA Has Failed to Conduct an Adequate Search for All Records Responsive to EPA FOIA Request Number EPA-HQ-2017-005517

102.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

103.     The Center has a statutory right to have EPA process its FOIA requests in a manner that complies with FOIA.  5 U.S.C. § 552(a)(3).  EPA violated the Center's rights in this regard when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to EPA FOIA Request Number EPA-HQ-2017-005517.

104.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

105.     The Center's organizational activities will be adversely affected if EPA continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA requests.

106.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

## COUNT THREE:  The Energy Department Has Failed to Conduct an Adequate Search for All Records Responsive to Energy Department FOIA Request Number HQ-2017-00806

107.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

108.    The Center has a statutory right to have the Energy Department process its FOIA requests in a manner that complies with FOIA.  5 U.S.C. § 552(a)(3).  The Energy Department violated the Center's rights in this regard when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to Energy Department FOIA Request Number HQ-2017-00806.

109.    Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Energy Department in the foreseeable future.

110.    The Center's organizational activities will be adversely affected if the Energy Department continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA requests.

111.    Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Energy Department will continue to violate the Center's rights to receive public records under FOIA.

**COUNT FOUR:  The State Department Has Failed to Conduct an Adequate Search for All Records Responsive to State Department FOIA Request Number F-2017-08517**

112.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

113.    The Center has a statutory right to have the State Department process its FOIA requests in a manner that complies with FOIA.  5 U.S.C. § 552(a)(3).  The State Department violated the Center's rights in this regard when it unlawfully failed to undertake a search that is

reasonably calculated to locate all records that are responsive to State Department FOIA Request Number F-2017-08517.

114.    Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the State Department in the foreseeable future.

115.    The Center's organizational activities will be adversely affected if the State Department continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA requests.

116.    Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the State Department will continue to violate the Center's rights to receive public records under FOIA.

**FOURTH CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**
**Failure to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records**

**COUNT ONE:  The Interior Department Failed to Provide all Reasonably Segregable Portions of Any Lawfully Exempt Records**

117.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

118.    The Center has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions.  5 U.S.C. § 552(b).

119.    The Interior Department violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to Interior Department FOIA Request Number OS-2017-00384.

120.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Interior Department in the foreseeable future.

121.     The Center's organizational activities will be adversely affected if the Interior Department is allowed to continue violating FOIA's disclosure provisions as it has in this case.

122.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Interior Department will continue to violate the Center's rights to receive public records under FOIA.

## COUNT TWO:  EPA Failed to Provide all Reasonably Segregable Portions of Any Lawfully Exempt Records

123.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

124.     The Center has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions.  5 U.S.C. § 552(b).

125.     EPA violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to EPA FOIA Request Number EPA-HQ-2017-005517.

126.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

127.     The Center's organizational activities will be adversely affected if EPA is allowed to continue violating FOIA's disclosure provisions as it has in this case.

128.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

**COUNT THREE:  The Energy Department Failed to Provide all Reasonably Segregable Portions of Any Lawfully Exempt Records**

129.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

130.    The Center has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions.  5 U.S.C. § 552(b).

131.    The Energy Department violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to Energy Department FOIA Request Number HQ-2017-00806.

132.    Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Energy Department in the foreseeable future.

133.    The Center's organizational activities will be adversely affected if the Energy Department is allowed to continue violating FOIA's disclosure provisions as it has in this case.

134.    Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Energy Department will continue to violate the Center's rights to receive public records under FOIA.

**COUNT FOUR:  The State Department Failed to Provide all Reasonably Segregable Portions of Any Lawfully Exempt Records**

135.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

136.    The Center has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions.  5 U.S.C. § 552(b).

137.    The State Department violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to State Department FOIA Request Number EPA-HQ-2017-005517.

138.    Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the State Department in the foreseeable future.

139.    The Center's organizational activities will be adversely affected if the State Department is allowed to continue violating FOIA's disclosure provisions as it has in this case.

140.    Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the State Department will continue to violate the Center's rights to receive public records under FOIA.

**FIFTH CLAIM FOR RELIEF**
**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**
**(In the Alternative to the First through Fourth Claims)**
**Unlawfully Withheld or Unreasonably Delayed Actions that FOIA Requires**

**COUNT ONE:  The Interior Department Withheld or Unreasonably Delayed Actions that FOIA Requires**

141.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

142.    The Interior Department unlawfully withheld agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to (1) search for and disclose records that are responsive to Interior Department FOIA Request Number OS-2017-00384; (2) make a timely and lawful determination on Interior Department FOIA Request Number OS-2017-00384; (3) conduct a search that is reasonably calculated to locate all responsive records to Interior Department FOIA Request Number OS-2017-00384; (4) provide the Center with records

that are responsive to Interior Department FOIA Request Number OS-2017-00384 that are not within the scope of any of FOIA's exemptions to mandatory disclosure; and (5) provide the Center with all reasonably segregable portions of responsive records to Interior Department FOIA Request Number OS-2017-00384 in the event that records may be subject to an exemption.  The Interior Department's failures constitute agency actions that are unlawfully withheld, and therefore, these actions are actionable pursuant to the APA, 5 U.S.C. § 706(1).

143.    Alternatively, the Interior Department unreasonably delayed agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to  (1) search for and disclose records that are responsive to to Interior Department FOIA Request Number OS-2017-00384; (2) make a timely and lawful determination on to Interior Department FOIA Request Number OS-2017-00384; (3) conduct a search that is reasonably calculated to locate all records that are responsive to to Interior Department FOIA Request Number OS-2017-00384; (4) provide the Center with records that are responsive to OS-2017-00384 that may not be withheld pursuant to any of FOIA's narrowly construed exemptions to mandatory disclosure; and (5) provide the Center with reasonably segregable portions of records responsive to Interior Department FOIA Request Number OS-2017-00384 which contain any material that may be lawfully withheld under an exemption(s).  The Interior Department's failures constitute agency action unreasonably delayed and therefore actionable pursuant to the APA, 5 U.S.C. § 706(1).

144.    As alleged above, the Interior Department's failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of its statutory duties under the APA.

145.    The Center has suffered a legal wrong as a result of the Interior Department's failure to comply with the mandates of FOIA.  As alleged above, the Interior Department

violated its statutory duties under the APA and injured the Center's interests in public oversight of governmental operations.

146.     The Center has no other adequate remedy at law to redress the violations noted above.

147.     Plaintiff is entitled to judicial review under the APA, 5 U.S.C. § 702.

**COUNT TWO:  EPA Withheld or Unreasonably Delayed Actions that FOIA Requires**

148.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

149.     EPA unlawfully withheld agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to (1) search for and disclose records that are responsive to EPA FOIA Request Number EPA-HQ-2017-005517; (2) make a timely and lawful determination on EPA FOIA Request Number EPA-HQ-2017-005517; (3) conduct a search that is reasonably calculated to locate all responsive records to EPA FOIA Request Number EPA-HQ-2017-005517; (4) provide the Center with records that are responsive to EPA FOIA Request Number EPA-HQ-2017-005517 that are not within the scope of any of FOIA's exemptions to mandatory disclosure; and (5) provide the Center with all reasonably segregable portions of responsive records to EPA FOIA Request Number EPA-HQ-2017-005517 in the event that records may be subject to an exemption.  EPA's failures constitute agency actions that are unlawfully withheld, and therefore, these actions are actionable pursuant to the APA, 5 U.S.C. § 706(1).

150.     Alternatively, EPA unreasonably delayed agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to  (1) search for and disclose records that are responsive to EPA FOIA Request Number EPA-HQ-2017-005517; (2) make a timely

and lawful determination on EPA FOIA Request Number EPA-HQ-2017-005517; (3)  conduct a

search that is reasonably calculated to locate all records that are responsive to EPA FOIA

Request Number EPA-HQ-2017-005517; (4) provide the Center with records that are responsive

to EPA FOIA Request Number EPA-HQ-2017-005517 that may not be withheld pursuant to any

of FOIA's narrowly construed exemptions to mandatory disclosure; and (5) provide the Center

with reasonably segregable portions of records responsive to EPA FOIA Request Number EPA-

HQ-2017-005517 which contain any material that may be lawfully withheld under an

exemption(s).  EPA's failures constitute agency action unreasonably delayed and therefore

actionable pursuant to the APA, 5 U.S.C. § 706(1).

151.    As alleged above, EPA's failure to comply with the mandates of FOIA has injured

the Center's interests in public oversight of governmental operations and is in violation of its

statutory duties under the APA.

152.    The Center has suffered a legal wrong as a result of EPA's failure to comply with

the mandates of FOIA.  As alleged above, EPA violated its statutory duties under the APA and

injured the Center's interests in public oversight of governmental operations.

153.    The Center has no other adequate remedy at law to redress the violations noted

above.

154.    Plaintiff is entitled to judicial review under the APA, 5 U.S.C. § 702.

**COUNT THREE:  The Energy Department Withheld or Unreasonably Delayed Actions that FOIA Requires**

155.    Plaintiff re-alleges and incorporates by reference the allegations made in all

preceding paragraphs.

156.    The Energy Department unlawfully withheld agency action by failing to comply

with the mandates of FOIA consequent to its failure and refusal to (1) search for and disclose

records that are responsive to Energy Department FOIA Request Number HQ-2017-00806; (2)

make a timely and lawful determination on Energy Department FOIA Request Number HQ-

2017-00806; (3) conduct a search that is reasonably calculated to locate all responsive records to

Energy Department FOIA Request Number HQ-2017-00806; (4) provide the Center with records

that are responsive to Energy Department FOIA Request Number HQ-2017-00806 that are not

within the scope of any of FOIA's exemptions to mandatory disclosure; and (5) provide the

Center with all reasonably segregable portions of responsive records to Energy Department

FOIA Request Number HQ-2017-00806 in the event that records may be subject to an

exemption.  The Energy Department's failures constitute agency actions that are unlawfully

withheld, and therefore, these actions are actionable pursuant to the APA, 5 U.S.C. § 706(1).

157.    Alternatively, the Energy Department unreasonably delayed agency action by

failing to comply with the mandates of FOIA consequent to its failure and refusal to  (1) search

for and disclose records that are responsive to Energy Department FOIA Request Number HQ-

2017-00806; (2) make a timely and lawful determination on Energy Department FOIA Request

Number HQ-2017-00806; (3) conduct a search that is reasonably calculated to locate all records

that are responsive to Energy Department FOIA Request Number HQ-2017-00806; (4) provide

the Center with records that are responsive to Energy Department FOIA Request Number HQ-

2017-00806 that may not be withheld pursuant to any of FOIA's narrowly construed exemptions

to mandatory disclosure; and (5) provide the Center with reasonably segregable portions of

records responsive to Energy Department FOIA Request Number HQ-2017-00806 which contain

any material that may be lawfully withheld under an exemption(s).  The Energy Department's

failures constitute agency action unreasonably delayed and therefore actionable pursuant to the

APA, 5 U.S.C. § 706(1).

158.    As alleged above, the Energy Department's failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of its statutory duties under the APA.

159.    The Center has suffered a legal wrong as a result of EPA's failure to comply with the mandates of FOIA.  As alleged above, the Energy Department violated its statutory duties under the APA and injured the Center's interests in public oversight of governmental operations.

160.    The Center has no other adequate remedy at law to redress the violations noted above.

161.    Plaintiff is entitled to judicial review under the APA, 5 U.S.C. § 702.

## COUNT FOUR:  The State Department Withheld or Unreasonably Delayed Actions that FOIA Requires

162.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

163.    The State Department unlawfully withheld agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to (1) search for and disclose records that are responsive to State Department FOIA Request Number F-2017-08517; (2) make a timely and lawful determination on State Department FOIA Request Number F-2017-08517; (3) conduct a search that is reasonably calculated to locate all responsive records to State Department FOIA Request Number F-2017-08517; (4) provide the Center with records that are responsive to State Department FOIA Request Number F-2017-08517 that are not within the scope of any of FOIA's exemptions to mandatory disclosure; and (5) provide the Center with all reasonably segregable portions of responsive records to State Department FOIA Request Number F-2017-08517 in the event that records may be subject to an exemption.  The State

Department's failures constitute agency actions that are unlawfully withheld, and therefore, these actions are actionable pursuant to the APA, 5 U.S.C. § 706(1).

164.     Alternatively, the State Department unreasonably delayed agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to  (1) search for and disclose records that are responsive to F-2017-085177; (2) make a timely and lawful determination on State Department FOIA Request Number F-2017-08517; (3) conduct a search that is reasonably calculated to locate all records that are responsive to State Department FOIA Request Number F-2017-08517; (4) provide the Center with records that are responsive to State Department FOIA Request Number F-2017-08517 that may not be withheld pursuant to any of FOIA's narrowly construed exemptions to mandatory disclosure; and (5) provide the Center with reasonably segregable portions of records responsive to State Department FOIA Request Number F-2017-08517 which contain any material that may be lawfully withheld under an exemption(s).  The State Department's failures constitute agency action unreasonably delayed and therefore actionable pursuant to the APA, 5 U.S.C. § 706(1).

165.     As alleged above, the State Department's failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of its statutory duties under the APA.

166.     The Center has suffered a legal wrong as a result of the State Department's failure to comply with the mandates of FOIA.  As alleged above, the State Department violated its statutory duties under the APA and injured the Center's interests in public oversight of governmental operations.

167.     The Center has no other adequate remedy at law to redress the violations noted above.

168.    Plaintiff is entitled to judicial review under the APA, 5 U.S.C. § 702.

## SIXTH CLAIM FOR RELIEF
## VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT
### (In the Alternative to the First through Eighth Claims)
### Violations of FOIA's Requirements Are Arbitrary, Capricious,
### an Abuse of Discretion, or Otherwise Not in Accordance with Law

**COUNT ONE:  The Interior Department's Violations of FOIA are Arbitrary, Capricious, an Abuse of Discretion, or Otherwise Not in Accordance with Law**

169.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

170.    The Interior Department violated FOIA's statutory mandates due to its failure and refusal because it failed to (1) search for and disclose records that are responsive to OS-2017-00384; (2) make a timely and lawful determination on OS-2017-00384; (3) conduct a search that is reasonably calculated to locate all records that are responsive to Interior Department FOIA Request Number OS-2017-00384; (4) provide the Center with records that are responsive to Interior Department FOIA Request Number OS-2017-00384 which may not be withheld pursuant to any of FOIA's narrowly construed exemptions to mandatory disclosure; and (5) provide the Center with reasonably segregable portions of records responsive to Interior Department FOIA Request Number OS-2017-00384 which contain any material that may be withheld lawfully under an exemption(s).  By repeatedly violating FOIA's statutory mandates, the Interior Department's actions are arbitrary, capricious, an abuse of discretion, or not in accordance with the law and therefore actionable pursuant to the APA, 5 U.S.C. § 706(2)(A).

171.    As alleged above, the Interior Department's repeated failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of the agency's statutory duties under the APA.

172.    The Center has suffered a legal wrong as a result of the Interior Department's failure to comply with the mandates of FOIA.  As alleged above, the Interior Department violated its statutory duties under the APA and injured the Center's interests in public oversight of governmental operations.

173.    The Center has no other adequate remedy at law to redress the violations noted above.

174.    The Center is entitled to judicial review under the APA, 5 U.S.C. § 702.

**COUNT TWO:  EPA's Violations of FOIA are Arbitrary, Capricious, an Abuse of Discretion, or Otherwise Not in Accordance with Law**

175.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

176.    EPA violated FOIA's statutory mandates due to its failure and refusal because it failed to (1) search for and disclose records that are responsive to EPA FOIA Request Number EPA-HQ-2017-005517; (2) make a timely and lawful determination on EPA FOIA Request Number EPA-HQ-2017-005517; (3) conduct a search that is reasonably calculated to locate all records that are responsive to EPA FOIA Request Number EPA-HQ-2017-005517; (4) provide the Center with records that are responsive to EPA FOIA Request Number EPA-HQ-2017-005517 which may not be withheld pursuant to any of FOIA's narrowly construed exemptions to mandatory disclosure; and (5) provide the Center with reasonably segregable portions of records responsive to EPA FOIA Request Number EPA-HQ-2017-005517 which contain any material that may be withheld lawfully under an exemption(s).  By repeatedly violating FOIA's statutory mandates, EPA's actions are arbitrary, capricious, an abuse of discretion, or not in accordance with the law and therefore actionable pursuant to the APA, 5 U.S.C. § 706(2)(A).

177.     As alleged above, EPA's repeated failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of the agency's statutory duties under the APA.

178.     The Center has suffered a legal wrong as a result of EPA's failure to comply with the mandates of FOIA.  As alleged above, EPA violated its statutory duties under the APA and injured the Center's interests in public oversight of governmental operations.

179.     The Center has no other adequate remedy at law to redress the violations noted above.

180.     The Center is entitled to judicial review under the APA, 5 U.S.C. § 702.

**COUNT THREE:  The Energy Department's Violations of FOIA are Arbitrary, Capricious, an Abuse of Discretion, or Otherwise Not in Accordance with Law**

181.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

182.     The Energy Department violated FOIA's statutory mandates due to its failure and refusal because it failed to (1) search for and disclose records that are responsive to Energy Department FOIA Request Number HQ-2017-00806; (2) make a timely and lawful determination on Energy Department FOIA Request Number HQ-2017-00806; (3) conduct a search that is reasonably calculated to locate all records that are responsive to Energy Department FOIA Request Number HQ-2017-00806s; (4) provide the Center with records that are responsive to Energy Department FOIA Request Number HQ-2017-00806 which may not be withheld pursuant to any of FOIA's narrowly construed exemptions to mandatory disclosure; and (5) provide the Center with reasonably segregable portions of records responsive to Energy Department FOIA Request Number HQ-2017-00806 which contain any material that may be withheld lawfully under an exemption(s).  By repeatedly violating FOIA's statutory mandates,

the Energy Department's actions are arbitrary, capricious, an abuse of discretion, or not in accordance with the law and therefore actionable pursuant to the APA, 5 U.S.C. § 706(2)(A).

183.     As alleged above, the Energy Department's repeated failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of the agency's statutory duties under the APA.

184.     The Center has suffered a legal wrong as a result of the Energy Department's failure to comply with the mandates of FOIA.  As alleged above, the Energy Department violated its statutory duties under the APA and injured the Center's interests in public oversight of governmental operations.

185.     The Center has no other adequate remedy at law to redress the violations noted above.

186.     The Center is entitled to judicial review under the APA, 5 U.S.C. § 702.

**COUNT FOUR:  The State Department's Violations of FOIA are Arbitrary, Capricious, an Abuse of Discretion, or Otherwise Not in Accordance with Law**

187.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

188.     The State Department violated FOIA's statutory mandates due to its failure and refusal because it failed to (1) search for and disclose records that are responsive to State Department FOIA Request Number F-2017-08517; (2) make a timely and lawful determination on State Department FOIA Request Number F-2017-08517; (3) conduct a search that is reasonably calculated to locate all records that are responsive to State Department FOIA Request Number F-2017-08517; (4) provide the Center with records that are responsive to State Department FOIA Request Number F-2017-08517 which may not be withheld pursuant to any of FOIA's narrowly construed exemptions to mandatory disclosure; and (5) provide the Center with

reasonably segregable portions of records responsive to State Department FOIA Request Number F-2017-08517 which contain any material that may be withheld lawfully under an exemption(s).  By repeatedly violating FOIA's statutory mandates, the State Department's actions are arbitrary, capricious, an abuse of discretion, or not in accordance with the law and therefore actionable pursuant to the APA, 5 U.S.C. § 706(2)(A).

189.    As alleged above, the State Department's repeated failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of the agency's statutory duties under the APA.

190.    The Center has suffered a legal wrong as a result of EPA's failure to comply with the mandates of FOIA.  As alleged above, the State Department violated its statutory duties under the APA and injured the Center's interests in public oversight of governmental operations.

191.    The Center has no other adequate remedy at law to redress the violations noted above.

192.    The Center is entitled to judicial review under the APA, 5 U.S.C. § 702.


**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

1.    Order Defendants to conduct searches that are reasonably calculated to locate all records responsive to Plaintiff's FOIA Requests, numbers OS-2017-00384, EPA-HQ-2017-005517, HQ-2017-00806, and F-2017-08517, with the cut-off date for such searches being the date the searches are conducted, and to provide Plaintiff, by a date certain, with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action.

2.      Declare that Defendants' failures to timely make determinations on Plaintiff's FOIA Requests are unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i), or in the alternative, are an agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or are arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2)(A).

3.      Declare that Defendants' failures to properly apply FOIA exemptions, 5 U.S.C. § 552(b), are unlawful under FOIA, or in the alternative, are an agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or are arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2)(A).

4.      Declare that Defendants' failures to undertake a search for and disclose to Plaintiff  all records that are responsive to Plaintiff's FOIA Requests, as alleged above, are unlawful under FOIA, U.S.C. § 552(a)(6)(A)(i), or in the alternative, are an agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or are arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2)(A).

5.      Declare that Defendants' failures to provide Plaintiff with reasonably segregable portions of records which may be lawfully subject to a FOIA exemption, as alleged above, are unlawful under FOIA, U.S.C. § 552(a)(7)(b), or in the alternative, are agency actions that have been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or are arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2)(A).

6.      Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

7.      Grant such other and further relief as the Court may deem just and proper.

DATED: May 23, 2017                    Respectfully submitted,


                                       */s/ Amy R. Atwood*
                                       Amy R. Atwood (D.C. Bar No. 470258)
                                       Center for Biological Diversity
                                       P.O. Box 11374
                                       Portland, OR 97211-0374
                                       (971) 717-6401
                                       atwood@biologicaldiversity.org

                                       *Attorney for Plaintiff*