UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>      Plaintiff,<br><br>   v.<br><br>U.S. DEPARTMENT OF THE INTERIOR, et al,<br><br>      Defendants. | Case No.:  1:17-cv-00974 (TJK) |

**JOINT STATUS REPORT**

Pursuant to the Court's October 12, 2017, Order, Plaintiff the Center for Biological Diversity (the "Center") and Defendants U.S. Department of the Interior ("Interior Department"), U.S. Environmental Protection Agency ("EPA"), U.S. Department of Energy ("DOE"), U.S. Department of State ("State Department"), U.S. Department of Commerce ("DOC"), and the National Oceanic and Atmospheric Administration ("NOAA") (collectively "Defendants," and with the Center, the "Parties") hereby submit this Joint Status Report in this matter brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *as amended* ("FOIA" or "Act").

**I.     Procedural Background**

Plaintiff initiated this matter on May 24, 2017 in connection with four identical requests for records pursuant to FOIA to four of the Defendants: the Interior Department, EPA, DOE, and the State Department.  ECF No. 1.  In each request, the Center has sought all "agency directives, instructions, and/or other communications, including communications with the Trump administration transition team, instructing agency and/or department staff to not use, or to remove from formal agency communications, any climate change-related or energy-related

words or phrases, including but not limited to 'climate change,' 'global warming,' 'climate disruption,' 'greenhouse gas emissions,' 'emissions reductions,' and/or 'Paris agreement,' and any related words or phrases." Defendants the Interior Department, EPA, DOE, and the State Department filed an Answer on July 27, 2017.  ECF No. 10.

Plaintiff filed a First Amended Complaint on August 16, 2017, in connection with similar requests for records to two additional federal agencies: DOC and NOAA.  ECF No. 13.  In both requests, the Center has sought all "agency directives, instructions, and/or other communications, including communications with the Trump administration transition team, instructing agency and/or department staff to not use, or to remove from formal agency communications, any climate change-related or energy-related words or phrases, including but not limited to 'climate change,' 'global warming,' 'climate disruption,' 'greenhouse gas emissions,' 'emissions reductions,' and/or 'Paris agreement,' and any related words or phrases."  Defendants filed an Answer to the First Amended Complaint on September 28, 2017.  ECF No. 20.

## II. The Status of Plaintiff's FOIA Requests

Defendant the Interior Department reports that it is nearing completion of its search for records responsive to Plaintiff's request and that it has begun reviewing potentially responsive records.

The State Department reports that it is nearing completion of its search for records responsive to Plaintiff's request and that it has begun reviewing potentially responsive records.

DOE reports that it has completed its search for responsive records and has found no such records.

NOAA reports that it has completed its search for responsive records and has found no such records.

EPA reports that it is conducting searches for responsive records.

DOC reports that it is conducting searches for responsive records.

**III.    The Anticipated Number of Documents Responsive to Plaintiff's FOIA Requests**

At this time, Defendants do not know the number of records, if any, responsive to Plaintiff's FOIA requests.

**IV.    The Anticipated Date(s) for Release of the Documents Requested by Plaintiff**

The Interior Department anticipates making an initial production of non-exempt, responsive records on October 31, 2017, and that it will make additional productions, if any, every thirty days until the production is complete.  At this time, one responsive document has been located; additional searches are ongoing and are expected to be complete by October 31, 2017.

The State Department anticipates making an initial production of non-exempt, responsive records on November 15, 2017, and that it will make additional productions every thirty days until the production is complete.

As noted, DOE has not located any responsive records.

As noted, NOAA has not located any responsive records.

At this time, EPA cannot estimate the anticipated date for release of documents given that its searches are not yet complete.

Although DOC's search for responsive documents is not yet complete, DOC anticipates making a full production of any non-exempt, responsive records by November 15, 2017.

**V.    Whether A Motion for Stay is Likely Under *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976)**

At this time, Defendants do not anticipate moving for an *Open America* stay.

**VI.    Whether a *Vaughn* Index and Dispositive Motions Will Be Necessary**

In light of this case's current posture, the Parties do not yet know whether it will be necessary for Defendants to prepare *Vaughn* indices and/or for the Parties to brief dispositive motions because: (i) Defendants' productions have not yet occurred; (ii) it is not yet clear what exemptions Defendants may assert; (iii) it is unknown which claimed withholdings, if any, Plaintiff will challenge; and (iv) it is unknown whether Plaintiff will challenge Defendants' search for responsive records.  The Parties therefore propose that they be given time to confer after Defendants' document productions are complete in an attempt to narrow or eliminate the issues in dispute.  If any disputed issues remain, the parties intend to present to the Court a proposed joint briefing schedule for summary judgment motions, or separate schedules if they cannot agree.

Plaintiff has requested that, in the event that Defendants provide responsive records that contain redactions or withhold responsive records pursuant to any of FOIA's exemptions, Defendants provide a draft *Vaughn* index in advance of briefing to narrow the issues for briefing. Defendants agreed to revisit the need for a draft *Vaughn* index in advance of briefing once Plaintiff reviews the responsive records, if any, from Defendants, but also agreed that a *Vaughn* index may ultimately be necessary, depending on the record responses.

## VII.    Other Pertinent Issues

The Parties propose that they file a joint status report thirty days from today and every thirty days thereafter informing the Court of the status of Defendants' document productions until such productions are complete.

A proposed order is attached.

Case 1:17-cv-00974-TJK   Document 21   Filed 10/26/17   Page 5 of 5

DATED: October 26, 2017

Respectfully submitted,

*/s/ Margaret E. Townsend*
Margaret E. Townsend
(D.C. Bar No. OR0008)
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211-0374
(971) 717-6409
mtownsend@biologicaldiversity.org

JESSIE K. LIU
D.C. BAR # 472845
United States Attorney

DANIEL F. VAN HORN
D.C. BAR #924092
Chief, Civil Division

*/s/ Amy R. Atwood*
Amy R. Atwood
(D.C. Bar No. 470258)
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211-0374
(971) 717-6401
atwood@biologicaldiversity.org

      /s/
JOSHUA M. KOLSKY
D.C. BAR # 993430
Assistant United States Attorney
District of Columbia
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 252-2541
Fax: (202) 252-2599
joshua.kolsky@usdoj.gov

*Attorneys for Plaintiff*

*Counsel for Defendants*